IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GARY COVINGTON, on behalf of himself
and all others similarly situated                                           PLAINTIFF

v.                       No. 2:12-cv-123-DPM

ULESS WALLACE, individually and
in his official capacity; NEAL BYRD, in his
official capacity; DALE ACOSTA, individually
and in his official capacity; and HERMAN
HALL, individually and in his official capacity       DEFENDANTS

## ORDER

The motions to amend and to dismiss are denied, without prejudice to a clean-up severance and repleading. There are really two cases here. The first is about allegedly excessive force; the Court agrees with Covington that judicial economy is best served by handling Covington's, Anderson's, and the Walkers' claims—linked by allegations against and about officer Dale Acosta—in one lawsuit. The second case is the putative class action about conditions and alleged mistreatment at the Phillips County jail, including the arraignment policy. The two sets of facts are weakly linked; managing the two disputes as one in pre-trial proceedings would add complexity; and trying them together is not easily done, even if it would save some time.

Severance is the answer. FED. R. CIV. P. 21. This case will proceed only on Covington's jail-conditions/arraignment-policy claims as a putative class action. Covington shall file a third amended complaint limited to those claims by 3 July 2013. Covington must omit allegations immaterial to the jail-conditions/arraignment policy claims. The Court directs the Clerk to open a new case, with Covington as the plaintiff and Wallace as the defendant. That will be the excessive-force case. Covington, joined by Anderson and the Walkers, must file a first amended complaint asserting only excessive-force claims against various necessary defendants by 3 July 2013. Again, immaterial allegations must be omitted. In the meantime, the Court directs the Clerk to docket this Order as the only item in the new case.

The skirmishing must stop. Let's move on to the merits. Motion to amend, № 31, and motion to dismiss, № 32, denied without prejudice. Severance and amended pleadings with directions ordered. The amended pleadings must comply with the Court's prior Order on specificity. № 23.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

24 June 2013