IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY COVINGTON; BETHANY WALKER; GARY ANDERSON; BELINDA WALKER; and JAMES WALKER | | PLAINTIFFS |
| v. | No. 2:13-cv-84-DPM | |
| ULESS WALLACE, DALE ACOSTA, TRAVIS WALLACE, HERMAN HALL, and HOWARD WOODWARD, all individually and in their official capacities, and HELENA REGIONAL MEDICAL CENTER | | DEFENDANTS |

## ORDER

**1. Motion to Dismiss.** Defendants Uless Wallace, Travis Wallace, and Herman Hall suggested on the record in October 2013 that Plaintiff Gary Anderson had died. № 13. More than ninety days have passed since that filing, and no one has been substituted to prosecute this lawsuit. Helena Regional Medical Center now moves to dismiss Anderson's claims. № 29. Plaintiffs haven't responded, and seem to agree that Anderson's claims should be dismissed without prejudice. № 28. The obituary attached to the suggestion shows that there are heirs at law. № 13 *at 3*. The record is not clear that Anderson's heirs, or the personal representative of his estate, have been served with the suggestion of death. Rule 25, therefore, does not require dismissal of his claims. *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir.

2008) (Posner, J.); *Inglis v. Buena Vista University*, 235 F. Supp. 2d 1009, 1029 (N.D. Iowa 2002). Until interested non-parties are served with the suggestion, FED. R. CIV. P. 25(a)(3), the ninety-day clock does not start. Motion to dismiss, № 29, denied without prejudice.

2. **Motion to Sever.** Mindful that all claims against Helena Regional Medical Center are made by Anderson, *№ 6 at ¶¶ 7-10*, the Court also denies the motion to sever, № 26, without prejudice until the status of Anderson's claims in this lawsuit can be resolved.

3. **Motion for default judgment.** Motion for default judgment, № 18, granted. Plaintiffs properly served Defendant Acosta on 24 August 2013. № 21. Acosta has failed to answer or respond. FED. R. CIV. P. 55(a). The Court therefore directs the Clerk to enter a default against Acosta. His liability to all Plaintiffs (except Anderson) on their Fourth, Eighth, and Fourteenth Amendment claims, their assault and battery claims, and their outrage claims is now decided as a matter of law. Damages will be fixed at the trial. If Anderson's claims are revived by substitution, the Court will address the default as to him.

4. **Claims Against Woodward.** The Court notes that Howard Woodward hasn't been properly served, and the 120-day window to do so

has passed. The Court therefore dismisses the claims against Woodward without prejudice. FED. R. CIV. P. 4(m).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

20 March 2014